IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRITT M. LACEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00388-JPG |
| | ) |
| THERESA CUMMINGS, | ) |
| VICTORIA SCHNEIDER, | ) |
| and ANGELA CHANEY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Britt M. Lacey, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that he was falsely accused by parole agents of violating the terms of his parole in November 2013 and detained in Madison County Jail and in prison for over four months on fabricated charges (Doc. 1, pp. 5-6). Plaintiff now sues three parole agents, including Theresa Cummings, Victoria Schneider, and Angela Chaney, for harassment, false arrest/imprisonment, and emotional distress arising from his parole revocation and re-incarceration (Doc. 1, p. 6). He seeks monetary damages (Doc. 1, p. 7).

Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 (Doc. 2). However, he does not meet the statutory definition of "prisoner," for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). According to the complaint, Plaintiff's "out date" was February 28, 2014 (Doc. 1, p. 6). According to his IFP motion, Plaintiff was

actually released on March 17, 2014 (Doc. 2, p. 1).  He filed this action on March 27, 2014.  At the time he did so, Plaintiff was not a "prisoner," as that term is define under § 1915(h).

Even so, a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor."  In addition, § 1915(e)(2) calls for careful threshold scrutiny of the complaint filed by an IFP plaintiff.  In fact, the statute *requires* the Court to deny IFP and dismiss the complaint at any time if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915(e)(2) to deny IFP and summarily dismiss this action.

### The Complaint

According to the complaint, Plaintiff was released from Menard on November 7, 2013 (Doc. 1, pp. 5, 8). Prior to his release, Plaintiff met with the Parole Review Board ("PRB"). The PRB allegedly granted Plaintiff permission to "move in" with his wife and daughter in Alton, Illinois, after he produced proof that his wife's Order of Protection against him had been dismissed. On the date of his release from Menard, Plaintiff moved to an unidentified location with his wife and daughter. On November 12, 2013, Plaintiff encountered "problems" at this site and relocated with his wife and daughter to Worden, Illinois (Doc. 1, p. 9). At the time, Plaintiff contacted Menard Field Services, the Illinois Department of Corrections, and Defendant Chaney to inform all sources of his change of address (Doc. 1, pp. 5, 9).

The same day, Defendant Schneider arrived at Plaintiff's new "host site" with a police officer. Plaintiff was arrested for violating the terms of his parole agreement based on his unauthorized relocation, failure to report his change of address, and unlawful cohabitation with his wife (Doc. 1, p. 9). Plaintiff was transported to Madison County Jail (Doc. 1, p. 10). Once there, Defendant Cummings told Plaintiff that she was going to make sure he returned to prison. She then tested him for marijuana and, without showing him the results, reported that he tested positive. When he took a second urine test nine days later on November 20, 2013, the results were negative. Even so, he was detained for more than four months. According to the complaint, Plaintiff's release date was February 28, 2014.[1]

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on March 27, 2014 (Doc. 1). He now sues Defendants Schneider and Cummings and their supervisor, Defendant Chaney, for

---

[1] According to his IFP motion, he was actually released on March 17, 2014 (Doc. 2, p. 1).

3

harassment, false arrest/imprisonment, and emotional distress arising from the revocation of his parole and his re-incarceration (Doc. 1, pp. 6, 12).

## Discussion

After fully considering the allegations in the complaint, the Court concludes that it fails to state a cognizable claim against any defendant. Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."

*Heck* applies with equal force to parole revocation challenges. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000). Although Plaintiff couches his claims in terms of false imprisonment and false arrest, he is, in essence, challenging the decision to revoke his parole. The facts giving rise to the false arrest/imprisonment claims are the same facts that would be used to invalidate Plaintiff's parole revocation. Therefore, unless Plaintiff can establish that his parole revocation was overturned prior to filing this action, his claims are now barred by *Heck*. The complaint contains no allegation to this effect.

The Court's analysis remains unchanged, despite the fact that Plaintiff was released prior to filing this action. The Seventh Circuit has made it clear that "*Heck* applies where a § 1983

plaintiff *could* have sought collateral relief at an earlier time but declined the opportunity and waited until collateral relief became unavailable before suing." *See Burd v. Sessler*, 702 F.3d 429, 435-36 (7th Cir. 2012) (citing *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 601 (6th Cir. 2007); *Guerrero v. Gates*, 442 F.3d 697, 704-05 (9th Cir. 2006)); *see also Hadley v. Quinn*, 524 Fed. App'x 290, *3 (7th Cir. 2013) (unpublished). "Permitting a plaintiff who ignored his opportunity to seek collateral relief while incarcerated to skirt the *Heck* bar simply by waiting to bring a § 1983 claim until habeas is no longer available undermines *Heck*." *Id.* at 436. Relief under 28 U.S.C. § 2254 is available to challenge parole revocation. *See Hadley*, 524 Fed. App'x 290, *3 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 486 (1973); *Walker v. O'Brien*, 216 F.3d 626, 635 (7th Cir. 2000)). Therefore, Plaintiff could have and *should* have sought collateral relief while he was still incarcerated. The complaint contains no indication that he did, and his claims for damages are now barred.

Finally, the complaint sets forth only state tort claims. These claims include false arrest, false imprisonment, and emotional distress, among others (Doc. 1, pp. 6, 12). There is no mention of any constitutional deprivation. However, even if the complaint had raised a procedural due process claim, it would still be subject to dismissal. The Seventh Circuit has held that "a victim of a property or liberty deprivation who has recourse to an adequate state remedy has not been denied 'due process of law.'" *Hood v. City of Chicago*, 927 F.2d 312, 314 (7th Cir. 1991) (quoting *Guenther v. Holmgreen*, 738 F.2d 879, 882 (7th Cir. 1984), cert. denied, 469 U.S. 1212 (1985) (citing *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). Illinois provides adequate state tort law remedies, which include claims for false imprisonment and false arrest. Therefore, a procedural due process claim would fail.

Finally, the Court recognizes that *Parratt* is inapplicable when a plaintiff asserts the violation of substantive constitutional guarantees, as distinguished from procedural due process rights. *Hood*, 927 F.2d at 314 (citing *Guenther*, 738 F.2d at 882). However, the complaint alleges no facts that support a claim for the violation of a substantive constitutional right. Accordingly, the complaint shall be dismissed.

For the reasons set forth above, the Court shall deny IFP and dismiss the complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2).

### Disposition

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**. Because Plaintiff's application to proceed IFP has been denied, the filing fee of $400.00 for this action remains due and payable. *See* 28 U.S.C. §§ 1915(a)(1); 1915(e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998) (fee remains due even where suit is dismissed); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) (a plaintiff incurs the obligation to pay the filing fee at the time the action or appeal is commenced).

**IT IS FURTHER ORDERED** that all other pending motions (Docs. 3-4) are **DENIED**.

**IT IS ALSO ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). However, the undersigned Judge has found this action to be without merit, and an appeal taken therefrom would be in bad faith. Therefore, this Court will not grant Plaintiff permission to proceed *in forma pauperis* on appeal. If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C.

§ 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467.  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  April 16, 2014**

*s/ J. Phil Gilbert*
**U.S. District Judge**